**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022[1]
Tel: (646) 778-4381
Fax: (646) 778-4384
sandy@mhlaw-ny.com
david@mhlaw-ny.com

**Hearing Date: February 14, 2022 at
10:00a.m. (Prevailing
Eastern Time)
Objection Date: February 7, 2022 at
4:00p.m. (Prevailing
Eastern Time)**

*Proposed Counsel for Debtor and Debtor-in-Possession*
**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAGNACOUSTICS, INC.,<br><br>                    Debtor. | Chapter 11 (Subchapter V)<br>Case No. 21-70670 |

**NOTICE OF HEARING FOR DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT
<u>OF SHERWOOD PARTNERS, INC., AS SALES AGENT</u>**

PLEASE TAKE NOTICE THAT on February 14, 2022, at 10:00 A.M. (prevailing Eastern Time), Magnacoustics, Inc., the debtor and debtor-in-possession herein (the "**Debtor")**, will move this Court, based on *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Sherwood Partners, Inc., as Sales Agent* (the "**Sherwood Application**") together with the annexed *Declaration of Lisa Lederer in Support of Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Sherwood Partners, Inc., as Sales Agent* (the "**Lederer Declaration**") before the Honorable Robert E. Grossman, for an Order in the form annexed as **<u>Exhibit C</u>** to the Sherwood Application (the "**Order**"), pursuant to section 327(a) and

---

[1]During the coronavirus pandemic, please address all mail to: 48 Seneca Street, Dobbs Ferry, NY 10522.

328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") retaining and employing Sherwood Partners, Inc as Sales Agent.

PLEASE TAKE FURTHER NOTICE that objections to the requested relief therein, if any, (i) shall be made in writing, (ii) shall conform to the Bankruptcy Rules and the Local Rules, (iii) shall set forth the basis for the response or objection and the specific grounds therefor, and (iv) shall be filed with the Court electronically  http://www.nyeb.uscourts.gov) and served so as to be actually received no later than **February 7, 2022 at 4:00 p.m. (Prevailing Eastern Time**) (the "**Objection Deadline**"), and served upon: (i) the Debtor's proposed counsel, Mayerson & Hartheimer, PLLC, 48 Seneca St., Dobbs Ferry, NY 10522, (Attn: Sandra E. Mayerson, Esq. and David H. Hartheimer, Esq.), sandy@mhlaw-ny.com; (ii) Office of the U.S. Trustee, Eastern District of New York,  Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722 (Attn: Stan Yang, Esq.), Stan.Y.Yang@usdoj.gov; (iii) Salvatore LaMonica, Subchapter V Trustee (the "**Subchapter V Trustee**") 3305 Jerusalem Avenue, Suite 201, Wantagh, NY 11793, sl@lhmlawfirm.com; and (v) all persons and entities that have formally appeared and requested service in this Case pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that, in light of the COVID-19 pandemic, the Hearing on the Sherwood Application will only be conducted telephonically.  Parties wishing to participate in the Hearing must follow the procedures stated in Judge Grossman's Individual Practices (accessible at https://www.nyeb.uscourts.gov/content/judge-robert-e-grossman).

PLEASE TAKE FURTHER NOTICE that if you do not timely file and serve a written opposition to the relief requested in the Sherwood Application before the Objection Deadline, the

Bankruptcy Court may deem any opposition waived, treat the Sherwood Application as conceded, and may enter the Order granting the relief requested in the Sherwood Application without further notice or hearing.

Dated: January 21, 2022
      Dobbs Ferry, New York

                          MAYERSON & HARTHEIMER PLLC

By:    */s/David H. Hartheimer*
        David H. Hartheimer, Esq.
        Sandra E. Mayerson, Esq.
        845 Third Avenue, 11th Floor
        New York, NY 10022
        Tel: (646) 778-4381
        Fax: (646)778-4384

        sandy@mhlaw-ny.com
        david@mhlaw-ny.com

        *Proposed Counsel for the Debtor*
        *and Debtor-in-Possession*

**Mayerson & Hartheimer PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor[1]
New York, NY 10022
Telephone: (646) 778-4381
Facsimile: (646) 778-4384
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MAGNACOUSTICS, INC.,<br><br>                    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 21-70670(RG) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF SHERWOOD**
**PARTNERS, INC., AS SALES AGENT**

Magnacoustics, Inc., as debtor and debtor-in-possession in the above-captioned chapter 11,

Subchapter V case (the "**Debtor**"), respectfully represents as follows:

**RELIEF REQUESTED**

1.      Pursuant to section 327(a) and 328 of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Eastern District of New York (the "**Local Rules**"), the Debtor requests authority to retain and

---

[1] During the pendency of the pandemic, please address all mail to our temporary address: 48
Seneca Street, Dobbs Ferry, NY 10522.

employ Sherwood Partners, Inc. ("**Sherwood**") as sales agent to the Debtor to perform specified services in connection with the case. The facts and circumstances supporting this Application are as set forth herein and in the Declaration of Peter Hartheimer, a Senior Managing Director at Sherwood (the "**Hartheimer Declaration**") attached hereto as **Exhibit A** and incorporated herein by reference. The terms and conditions of Sherwood's proposed retention are set forth in the Engagement Agreement Letter between the Debtor and Sherwood, dated November 11, 2021 (the "**Engagement Letter**") attached hereto as **Exhibit B.**

2.      A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit C** (the "**Proposed Order**").

## JURISDICTION

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Administrative Order # 264 of the United States District Court for the Eastern District of New York*, dated August 28, 1986 (Weinstein, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On April 9, 2021 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11, subchapter V, of the Bankruptcy Code in this Court (the "**Subchapter V Case**"). The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. On April 12, 2021, Salvatore LaMonica was appointed as the subchapter V trustee in this Subchapter V Case. No trustee (other than a

subchapter V trustee appointed in the normal course), examiner,  or statutory committee of creditors has been appointed in this Subchapter V Case.

5.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Subchapter V Case is set forth in *the Declaration of Lisa Lederer pursuant to Local Bankruptcy Rule 1007-4 and in Support of Chapter 11 Petition and First Day Motions* filed on the Petition Date (the "**Lederer Declaration**") [Docket No. 2]. On October 8, 2021, the Debtor filed a plan of reorganization which requires the Debtor to vigorously attempt to sell its assets [Docket No. 71]. Accordingly, due to the strategy of this Subchapter V Case, the Debtor  requires a qualified and experienced sales agent, with the resources, capabilities and experience of Sherwood, as described in the Hartheimer Declaration.

6.      Prior to filing its plan of reorganization, the Debtor attempted to engage the services of a sales agent and interviewed many parties. Unfortunately, the Debtor found that qualified sales agents like Sherwood were not interested in taking on such a small engagement. One after another qualified sales agents turned down the engagement. The Debtor feels very fortunate to have attracted a sales agent with the qualifications of Sherwood, and believes that if this application would be denied for any reason, it would not be able to come up with as qualified of an alternative sales agent.

## SHERWOOD'S QUALIFICATIONS

7.      Sherwood was formed in 1992. Sherwood is a financial consulting firm that frequently advises debtors and creditors of distressed and insolvent companies. In addition to advisory services, Sherwood often acts as the sales agent for the assets of distressed and insolvent companies, and its professionals collectively have many decades of experience in that regard. Sherwood has specific and unique experience in advising distressed companies regarding sales of

their assets, and in advising companies in maximizing their recovery in spite of economic distress.

## SCOPE OF RETENTION

8.      Subject to Court approval, it is expected that Sherwood will act as Debtor's sales agent and in that regard will assist the Debtor in obtaining a transaction to monetize the Debtor. Services are expected to include (i) advising on structure of the sale process, (ii) working with the Debtor to develop a target list of potential purchasers, (iii) working with the Debtor to prepare an offering memorandum, non-disclosure statement and data room, (iv) assisting potential purchasers with due diligence and formulation of offers, and (v) working with the Debtor to assist in the closing of the sale transaction. Sherwood will assist the company in a capital transaction(s) to find new capital as equity or debt, or to find a buyer of the Debtor's assets. Sherwood may, in consultation with the Debtor, organize an alternative transaction to reorganize the Debtor, including, without limitation, merger, joint venture, equity infusion, exit financing, and the like (collectively, the "**Sales Agent Services**"). For these services, Sherwood will receive a percentage of the transaction proceeds as outlined below, plus monthly fees.

## SHERWOOD DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

9.      In connection with its proposed retention by the Debtor, Sherwood has conducted a conflict check in which Sherwood reviewed the names of the most significant parties in interest in this Subchapter V Case, a complete list of which is attached hereto as **Exhibit D**.

10.     Sherwood focused its conflict check on the Debtor's vendors, suppliers, and sole shareholder.  To the best of the Debtor's knowledge, information and belief, based upon review of the Hartheimer Declaration and except as set forth therein, Sherwood (a) has no connection with, and holds no interest adverse to, the Debtor, its estate, creditors, or any party in interest in this case, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy

4

Code. Sherwood advises the Debtor that if it discovers additional information that it determines requires disclosure, it will promptly file a supplementary disclosure with the Court.

11.    The Debtor, however, would like to inform the Court that Peter Hartheimer, a Sherwood Senior Managing Director who is leading this engagement for Sherwood, is the brother of David H. Hartheimer, a Member of Mayerson & Hartheimer, PLLC ("**M&H**"), proposed counsel to the Debtor. The Debtor does not believe that this gives rise to Sherwood holding an adverse interest, nor does it render Sherwood not disinterested. However, in an abundance of caution, M&H has "walled off" David Hartheimer as to any involvement regarding the sale of the Debtor's assets. For the avoidance of doubt, David Hartheimer will continue to work on the Subchapter V Case, however he will have no involvement in the sale process and will not interact with Sherwood on the sale process.

## PROFESSIONAL COMPENSATION

12.    In consideration of the services to be provided by Sherwood, as more fully described in the Engagement Letter, subject to this Court's approval, the Debtor has agreed to pay Sherwood the proposed compensation set forth in the Engagement Letter (the "**Fee and Expense Structure**") which is summarized below:

a.    Consulting Fee: The Debtor will pay a consulting fee to Sherwood in the following amounts (the "**Consulting Fee**"):

1.    Upon entry of an Order approving the retention of Sherwood, the Debtor will pay Sherwood $7,500.

2.    Upon the Debtor accepting an Offer, the Debtor will pay Sherwood an additional $2,500.

3.    Additionally, the Debtor will pay Sherwood $7,500 per month, for the first 3

months of Sherwood's engagement after approval by the Bankruptcy Court, and

thereafter, the Debtor shall pay Sherwood a consulting fee of $3,750 per month.

4.  The Consulting Fee will be paid to Sherwood on an interim basis without fee
application or further court order, but the Consulting Fee will be subject to
final fee application under section 330 of the bankruptcy Code.

5.  If the Debtor has insufficient funds to pay the portion of the Consulting Fee set
forth in Paragraph 12(a)(iii) above (the **Monthly Consulting Fee**"), on a
monthly basis, the Debtor may accrue the Monthly Consulting Fee, and pay
Sherwood the accrued Monthly Consulting Fee from the proceeds of any
Transaction[2].

b.  <u>Success Fee</u>: In addition to the Consulting Fee, Sherwood will be paid a success fee
(the "**Success Fee"**) in an amount equal to ten percent **(**10%) of the Gross Value of any
Transaction. Sherwood will credit ten thousand dollars ($10,000) of the Consulting Fee
against the Success Fee. The Success Fee will be paid directly to Sherwood upon the
closing of any Transaction as a cost of sale as approved by the Bankruptcy Court.

c.  <u>Expenses</u>: In addition to the Consulting Fee and the Success Fee, the Debtor agrees to
reimburse Sherwood for reasonable, customary and documented, out-of-pocket
expenses incurred by Sherwood in connection with the matters contemplated by the
Engagement Letter, including, without limitation, overnight mail, messenger, travel,
meals, and accommodations. Sherwood will charge the cost of these expenses in a
manner and at rates consistent with charges generally made to the firm's other clients.

---

[2] Capitalized words not defined in this Application, shall have the meaning ascribed to them in
the Engagement Letter.

Sherwood understands that all such charges for which it seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

13.    The Fee and Expense Structure described above are consistent with Sherwood's normal and customary billing  practices for cases of this size and complexity, which require the level and scope of services  outlined in the Engagement Letter. Having interviewed several firms and business brokers, Debtor asserts that the Fee and Expense Structure described above is also consistent with what other firms would charge for a transaction of this size.

14.    At least ten (10) days prior to implementing any increase in the rates, as set forth in paragraph 12 above and in the Engagement Letter, Sherwood shall file a supplemental Declaration to the Court, and provide at least ten (10) days' notice to the Debtor, United States Trustee, the Subchapter V Trustee and any official committee. The supplemental Declaration shall explain the basis for the requested rate increase(s) in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to them. All parties in interest retain all rights to object to any rate increases on all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

15.    Sherwood will apply to the Court for final allowance of its compensation, as well as the reimbursement of expenses, as a professional person pursuant to, and subject to the standard of review of, Sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules and applicable Local  Rules and orders.

16.    Sherwood has not shared or agreed to share any of its compensation from the Debtor with any other person, other than managing directors, professionals, or other employees of

Sherwood. No promises have been received by Sherwood as to compensation in connection with this Subchapter V Case, other than as outlined in the Engagement Letter.

**NO PRIOR REQUEST FOR RELIEF**

17.     No previous application for the relief sought herein has been made to this or any other court.

**CONCLUSION**

**WHEREFORE,** based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Debtor to retain and employ Sherwood as Sales Agent, and (c) granting such other and further relief as this Court may deem just and proper.

Dated:  Atlantic Beach, New York
        January 4, 2022

*/s/ Lisa Lederer*_____
Lisa Lederer
Magnacoustics, Corp.
1995 Park Street
Atlantic Beach, New York

## Exhibit A

**Declaration of Peter Hartheimer**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: MAGNACOUSTICS, INC., | Chapter 11, Subchapter V |
| Debtor. | Case No. 21- 70670 (RG) |

## DECLARATION OF PETER HARTHEIMER IN SUPPORT OF
## THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
## AUTHORIZING THE RETENTION AND EMPLOYMENT OF
## <u>SHERWOOD PARTNERS, INC. AS SALES AGENT</u>

I, Peter Hartheimer, hereby declare under penalty of perjury that the following is true and

correct to the best of my knowledge, information, and belief:

1.         I am a Senior Managing Director at Sherwood Partners, Inc. ("**Sherwood**").

Sherwood was formed in 1992. Sherwood is a financial consulting firm that frequently advises

debtors and creditors of distressed and insolvent companies. In addition to advisory services,

Sherwood often acts as the sales agent for the assets of distressed and insolvent companies, and its

professionals collectively have many decades of experience in that regard. Sherwood has specific

and unique experience in advising distressed companies regarding sales of their assets, and in

advising companies in maximizing their recovery in spite of economic distress.

2.         I have approximately 21 years of experience in financial advisory and business

restructuring roles in the middle market, including work with debtors-in-possession in Chapter 11

cases. I have also worked with debtors in Chapter 7 cases. I specialize in maximizing recovery for

lenders, creditors and investors. During my career as an insolvency advisor, I have advised

investors, lenders, and/or management of over 70 companies. I hold a Bachelor of Arts degree

from the State University of New York, at New Paltz. I have recently been appointed to the board

of the Turnaround Management Association (Global) for the term beginning in January 2022, and am also a charter board member of WorkOUT Professionals.

3.        I have read the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Sherwood Partners, Inc., as Sales Agent* (the "**Retention Application**"). I submit this Declaration in support of the Retention Application.  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and all facts set forth in this Declaration are based on my personal knowledge, my discussions with others familiar with Sherwood and the Debtor, my review of relevant documents, or my opinion based on my experience and knowledge. In making this Declaration, I have relied on information and materials that individuals at Sherwood have gathered, prepared, verified and provided to me, in each case under my ultimate supervision, at my direction, and/or for my benefit in preparing the Declaration. I am authorized to submit this Declaration on behalf of Sherwood, and if called upon to testify, I could and would testify competently as to the facts set forth herein.

4.        Subject to Court approval, it is expected that Sherwood will act as Debtor's sales agent, and in that regard will assist the Debtor in obtaining a transaction to monetize the Debtor. Sherwood will assist the company in a capital transaction(s) to find new capital as equity, or debt, or a buyer of the Debtor's assets. Services are expected to include: (i) advising on structure of the sale process, (ii) working with the Debtor to develop a target list of potential acquirers, (iii) working with the Debtor to prepare an offering memorandum, non-disclosure statement and data room, (iv) assisting potential acquirers with due diligence and formulation of offers, and (v) working with the Debtor to assist in the closing of the sale transaction. Sherwood may, in consultation with the Debtor, organize an alternative transaction to reorganize the Debtor, including, without limitation, merger, joint venture, equity infusion, exit financing, and the like

(collectively, the "**Sales Agent Services**"). For these services, Sherwood will receive a percentage of the transaction proceeds, plus additional fees as outlined below, as well as set forth in the Engagement Letter between the Debtor and Sherwood, dated November 11, 2021 (the "**Engagement Letter**") attached to the Retention Application as **Exhibit B**.

5.      Sherwood and its employees have undertaken an extensive examination of its database of existing and former clients to determine whether it has or had any known connections with parties in interest in this case. In order to prepare this Declaration, and in addition to the foregoing, I completed an extensive conflicts check by comparing Sherwood's client names to those names set forth on **Exhibit D** to the Retention Application, which is incorporated herein by reference.  Sherwood focused its conflict check on the Debtor's vendors, suppliers, and sole shareholder.  Based on this database examination, Sherwood has not been retained to assist any entity or person listed on Exhibit D other than the Debtor. If this Court approves the proposed employment of Sherwood by the Debtor, Sherwood will not accept any engagement or perform any service in this case for any entity or person listed on Exhibit D, other than the Debtor. Sherwood has in the past, and will likely in the future, be working with or against other professionals involved in this case in matters unrelated to the Debtor and this Subchapter V Case. Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtor in matters upon which Sherwood is to be employed, and none are in connection with this Subchapter V Case.

6.      In an abundance of caution, I would like to inform the Court that David H. Hartheimer, a Member of Mayerson & Hartheimer, PLLC ("**M&H**"), counsel to the Debtor, is my brother and my former business partner. David and I worked together at Clearbid Capital, a company that purchased and sold assets of bankrupt and insolvent companies. We ceased working

3

together in August of 2015. Additionally, I have informed the principal of the Debtor of the above.

Sherwood does not believe that this gives rise to Sherwood holding an adverse interest, nor does

Sherwood believe that it renders Sherwood not disinterested. However, M&H has voluntarily

"walled off" David Hartheimer as to any involvement regarding the sale of the Debtor's assets,

and we will not interact with him with respect to the sale or any alternative transaction. For the

avoidance of doubt, I am informed that David Hartheimer will continue to work on the Subchapter

V Case, however, he will have no involvement in the sales process.

7.      Additionally, neither Sherwood nor any Shareholder, Employee, or Associate of

Sherwood insofar as I have been able to ascertain:

    (a)      is a creditor of the Debtor;

    (b)      is a direct or indirect equity interest holder of the Debtor;

    (c)      is or has been an officer within two years before commencement of this Subchapter V Case, director, or employee of the Debtor, or an "insider" of the Debtor as that term is defined in § 101(31) of the Bankruptcy Code;

    (d)      presently provides services to a creditor or equity interest holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate on any matter that is related to the Debtor or the Debtor's estate;

    (e)      has any other connection with the Debtor, its creditors, the Office of the United States Trustee or any employee of that office or any other parties in interest; and

    (f)      has other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

8.      To the best of my knowledge, information and belief, except as set forth herein,

there are no other instances where Sherwood has, had, or might be deemed to have or have had

connections with the Debtor, creditors, or other parties in interest.

9.      Sherwood has not received any retainer in this Subchapter V Case.

4

10.     In consideration of the services to be provided by Sherwood, as more fully described in the Engagement Letter, subject to this Court's approval, the Debtor has agreed to pay Sherwood the proposed compensation set forth in the Engagement Letter (the "**Fee and Expense Structure**") which is summarized below:

a.   Consulting Fee: The Debtor will pay a consulting fee to Sherwood in the following amounts (the "**Consulting Fee**"):

(i)  Upon entry of an Order approving the retention of Sherwood, the Debtor will pay Sherwood $7,500.

(ii) Upon the Debtor accepting an Offer, the Debtor will pay Sherwood an additional $2,500.

(iii) Additionally, the Debtor will pay Sherwood $7,500 per month, for the first 3 months of Sherwood's engagement after Bankruptcy Court approval, and thereafter, the Debtor shall pay Sherwood a consulting fee of $3,750 per month.

(iv) The Consulting Fee will be paid to Sherwood on an interim basis without fee application or further court order, but the Consulting Fee will be subject to final fee application under section 330 of the Bankruptcy Code.

(v)  If the Debtor has insufficient funds to pay the portion of the Consulting Fee set forth in Paragraph 10(d)(iii) above (the **Monthly Consulting Fee**"), on a monthly basis, the Debtor may accrue the Monthly Consulting Fee, and pay Sherwood the accrued Monthly Consulting Fee from the proceeds of any Transaction;[1] although such amounts will remain an administrative priority claim even if there is no

---

[1] Capitalized words not defined in this Declaration, shall have the meaning ascribe to them in the Engagement Letter.

Transaction.

b. <u>Success Fee</u>: In addition to the Consulting Fee, Sherwood will be entitled to be paid a success fee (the "**Success Fee**") in an amount equal to ten percent **(**10%) of the Gross Value of any Transaction. Sherwood will credit ten thousand dollars ($10,000) of the Consulting Fee against the Success Fee. The Success Fee will be paid directly to Sherwood upon the closing of any Transaction as a cost of sale, and the Debtor will ask the Bankruptcy Court to approve such arrangement as part of any application to approve a sale.

c. <u>Expenses</u>: In addition to the Consulting Fee and the Success Fee, the Debtor agrees to reimburse Sherwood for reasonable, customary and documented, out-of-pocket expenses incurred by Sherwood in connection with the matters contemplated by the Engagement Letter, including, without limitation, overnight mail, messenger, travel, meals, and accommodations. Sherwood will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. Sherwood understands that all such charges for which it seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

11.     The fees described above are consistent with Sherwood's normal and customary billing  practices for cases of this size and complexity, which requires the level and scope of services  outlined in the Engagement Letter. All such charges for which Sherwood seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.

12.     No agreement or understanding exists between Sherwood and any other person

(other than members or employees of the firm as disclosed herein) to share compensation received in connection with services to be provided hereunder. No representations have been received or made by Sherwood, or any member or employee thereof, in respect of compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13.     By reason of the foregoing, I believe that Sherwood is eligible to be retained and employed as sales agent to the Debtor in this case. To the extent any information disclosed herein requires modification or amendment as additional information becomes available, a supplemental Declaration disclosing such information will be submitted.

14.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 28, 2021


*/s/ Peter Hartheimer*
Peter Hartheimer

# EXHIBIT B



3945 Freedom Circle #520 | Santa Clara, CA 95054
www.shrwood.com

November 11, 2021

Mrs. Lisa Lederer
Chief Executive Officer
Magnacoustics, Inc.
1995 Park Street
Atlantic Beach, New York 11509

Re:    Engagement Letter Agreement

Dear Lisa:

This letter agreement (the "Agreement") is entered into on October_____, 2021, by and between Sherwood Partners, Inc. ("Sherwood") and Magnacoustics, Inc., debtor and debtor-in-possession in case number 21-70670 pending in the United States Bankruptcy Court for the Eastern District of New York ("Client" or "Company"). This letter sets forth the consulting and advisory services to be rendered by Sherwood to the Client hereunder. This Agreement shall not be binding on any party unless and until it is approved by the bankruptcy court having jurisdiction over the Magnacoustics bankruptcy case (the "Bankruptcy Court"). This Agreement is made on the following terms and conditions for valuable consideration, the receipt and adequacy of which is hereby acknowledged:

1.    **ENGAGEMENT**.  Sherwood's authority and duties shall include the following:

**Advisory Services**: Sherwood shall make itself available to consult with and advise Client on certain matters of importance concerning the business affairs of Company (the "Engagement"), as requested by Client and accepted by Sherwood, in accordance with this Agreement. Specifically, Sherwood will provide advisory services as the Sales Agent detailed below:

- **Assets Sales**: The process to be undertaken by Sherwood under this Engagement is to market and assist client to sell substantially all the Company's assets. Sherwood's efforts shall include (i) advising on the structure of a sale process, (ii) working with Client to develop a target list of potential acquirers, (iii) working with Client to prepare an offering memorandum, non-disclosure agreement and data room; (iv) assisting potential buyers with due diligence and formulation of offers, and (v) working with Client and the Client's attorneys to assist with the closing of a sale transaction.

Sherwood will rely on Client to provide key data and information; therefore, Sherwood's ability to serve asthe client's sales agent will depend on the Client's timely responsiveness.

Sherwood will be the exclusive Sales Agent to the Client.

Client and Sherwood anticipate that Client shall file a motion to retain Sherwood as its sales agent, in accordance with the terms of this agreement.

2.    **NO RESULT GUARANTEED**. While the goal of the Engagement is to provide useful advice that may facilitate solutions to certain of Client's perceived problems, there can be no assurance of the success of such solutions or any solutions to such perceived or other problems of Client, and Sherwood does not guarantee any particular result from its services.

Client acknowledges and agrees that Sherwood is not directly or indirectly responsible or liable for or on account of any decision, act or omission of any creditor, including any creditor who may support or encourage the Engagement.

3. **OTHER SERVICES**. Unless otherwise hereafter agreed in writing by Sherwood, no other services or advice is required.

4. **LIMITATIONS**. Nothing herein requires or contemplates Sherwood providing any legal advice (since it does not practice law), any accounting or auditing services, any real estate brokerage services, or any other services requiring a license. Nothing herein requires Sherwood to perform at a level of expertise with reference to any industry standard, since Sherwood's obligation is to perform services solely as an independent contractor only (and not as a fiduciary, partner, agent, or other relationship, each of which is disclaimed and excluded from this Agreement) using commercially reasonable efforts of diligence and care under the circumstances by reference to the practical capabilities of Sherwood as they exist, without requiring additional staff or other changes in Sherwood or its business practices or capabilities. To the extent that Sherwood provides any advice or opinions, Sherwood does so based upon the understanding that Client will consider the same as general business suggestions that are subject to Client checking with Client's counsel for any legal problems or concerns, with Client's accountant or auditor as to such accounting or audit concerns, and with other experts as appropriate. Notwithstanding any other provision of this Agreement to the contrary, Client, on behalf of itself and its affiliates, represents, warrants and agrees that, if Client or any of its affiliates advises Sherwood of any fact or situation, whether directly or through any of its employees, officers, directors, members, partners, managers, attorneys, accountants or other agents, Sherwood may conclusively rely on such communication, as well as the Client's documents, books and records, unless the Client specifically warnsSherwood that particular documents or information is inaccurate, incomplete or unreliable in some specified respect. While Sherwood might be able in time to discover errors on its own, Client directs Sherwood not to be so distracted but to prioritize its Engagement services. In addition, Client further represents, warrants and agrees that Sherwood need not concern itself with Client's affiliates, except when and to the extent Client and Sherwood include that in the Engagement, since Client separately from Sherwood shall make such adjustments and supplements to its dealings with its affiliates as Client and its counsel warrant will comply with all legal duties to such affiliates. Sherwood may then advise what Client may do in the Engagement, assuming that Client so complies with any obligations to its affiliates and their respective equity holders and creditors.

5. **GROSS VALUE OF SALE OF ASSETS.** In the event of any sale, the term "Sales Gross Value" as used in this Agreement shall be the sum of all cash and non-cash consideration that includes the aggregate consideration (1) received by Client, and holders of any secured, priority and/or general unsecured claims against Client (to the extent such payment to creditors reduces the amount of claims), and/or (2) otherwise paid or received from or to be paid or received under any Transaction. The Gross Value includes but is not limited to:

   a) Cash;

   b) Stock, equity interests, membership interests, and or partnership interests used as consideration by the financing source, joint venture partner or buyer and received as consideration;

   c) Payments made in installments;

   d) Notes, securities and other property;

e) Assumed secured debt;

f) Contingent payments (whether or not related to future performance, earnings or operations) when earned and paid;

g) Any interest or other payments actually received on or in respect of debt from buyer;

h) Any other payment actually received on or in respect to the equity interests (including, without limitation to the following, shareholder or membership interests) in Client; and

i) Any release or assumption of bonds.

Valuation. For purposes of calculating the Sales Gross Value received, any non-cash distributions shall be valued as follows and consistent with:

- Publicly traded securities shall be valued at the average of their closing prices (as reported in The Wall Street Journal) for the five (5) trading days prior to the closing of the contemplated Transaction whereby such securities are exchanged as consideration, unless the value of such securities is disclosed in a court approved disclosure statement in support of a confirmed Chapter 11 plan, the securities will then be valued based on such disclosure statement;

- Any other non-cash distributions shall be valued at the fair market value thereof on the day prior to closing as determined in good faith by Client and Sherwood; and

- if the parties are unable to agree upon the value of any other property, its value will be determined by the Bankruptcy Court. A.

Transaction. As used herein, the term 'Transaction" shall include any transaction or series of transactions, which in each case may include:

- Any transaction pursuant to which the Client or the Assets are acquired by any person, group of persons, partnership, corporation or other entity (including, without limitation, existing creditors, employees, affiliates, and/or shareholders) (collectively, a "Purchaser").

- The acquisition, directly or indirectly, by a Purchaser (or by one or more persons acting together with a Purchaser pursuant to a written agreement or otherwise) in a single transaction or series of transactions, of all or a portion of the Assets; or

- The closing of any sale, transfer or assumption of all or a portion of the Assets including without limitation any note evidencing a security interest in the Assets, stock or other interest of the Client; provided, however, that such sale, transfer or assumption shall not be deemed a Transaction unless and only to the extent that such Transaction results in consideration paid to the Client.

6. **TERM**.  Sherwood's retention by Client is effective upon approval of this Agreement by the Bankruptcy Court and shall continue until  the Engagement is concluded or terminated in accordance with Paragraph 13.

7.   **FEES**. As consideration for the services to be provided by Sherwood, Client shall pay the following fees:

A.    Upon entry of the order retaining Sherwood as financial advisor, Client shall pay $7,500 to Sherwood.

B.    Upon acceptance of an offer the client shall pay an additional $2,500[1] .

C.     Additionally, the Client shall pay to Sherwood a consulting fee of $7,500 per month for the first three (3) months and $3,750 permonth thereafter ("Consulting Fee'). If Client has insufficient cash to pay this on a monthly basis, it may accrue be paid out of the sale proceeds, but in any case, such fees have administrative priority status.

In addition to the Consulting Fees above, Sherwood will be entitled to a success fee ("Success Fee") equal to 10% of the Gross Value of a Transaction. The Success Fee shall be paid directly to Sherwood upon the closing of any Transaction as a cost of sale as approved by the Bankruptcy Court. Sherwood shall credit  $10,000 against the success fee. [2]

8.    **NON-SOLICITATION**. Sherwood incurs considerable effort and expense in recruiting and training its professional staff (the "Sherwood Staff").  Therefore, the Client agrees that neither it, nor any of its affiliates, nor any of their respective officers, directors, employees, members, partners, managers or agents shall, directly or indirectly, extend an offer of employment or solicit any of the Sherwood Staff during the Term and for a 24-month period after the Term. For such purposes such terms "offer" or "solicit" are used in their broadest and most comprehensive sense and include any form of encouragement. If the Client, any of its affiliates or any of their respective officers, directors, employees, members, partners, managers or agents hire any of Sherwood's Staff under any circumstances whatsoever and regardless of who first approaches whom or how that is arranged, Client agrees to compensate Sherwood the sum of $50,000 for each member hired from the Sherwood Staff. This payment to Sherwood is not a penalty, but rather is an amount of liquidated damages which Client acknowledges to be reasonably equivalent to both the cost to Sherwood of replacing each of such persons and the cost saved by the Client (or such other hirer) in recruiting and training a comparable person.

9.    **EXPENSES**. Sherwood shall also be reimbursed for all reasonable out-of-pocketexpenses, including but not limited to, travel, copying costs, and any other costs incurred by Sherwood in the course of activities or actions required or permitted by this Agreement. The intent of the Agreement isthat the compensation payable to Sherwood under Section 7 is in addition to Client paying Sherwood to acquire whatever Sherwood reasonably requires to perform the Engagement that is not provided timely by the Client. Client acknowledges that Sherwood will need to arrange at Client's expense to cover all travel, meals and lodging for the Sherwood team required to perform the contemplated services. Sherwood shall be reimbursed by Client promptly upon approval by the Bankruptcy Court.

---

[1] Sherwood will present all offers to the client, and the client as Debtor in Possession, has full discretion to accept or reject any offer.

[2] If the winning bid includes an earn-out provision, Sherwood will receive its success fee relating to the earn-out portion at the same time as liquidity is received by the Client's estate or any successor thereto.

10. **INFORMATION**. Client agrees to instruct Company to supply, in a timely manner, Sherwood with such information, including documents, books and records in written and/or electronic format, as Sherwood reasonably requests in order for Sherwood to perform its responsibilities with respect to this Agreement (the "Materials"), as well as access to all relevant computer records and Company email systems and to knowledgeable officers, employees, managers, directors, members, partners, affiliates, agents, and otherrelevant parties in interest and professionals as Sherwood may find useful to understand or evaluate the Materials and otherwise perform the contemplated or permitted activities or services in the Engagement. Client grants Sherwood discretionary authority to disclose such information about Client or Materials as Sherwood deems appropriate in order to perform its duties and responsibilities or to exercise its rights, subject to appropriate confidentiality. Confidentiality agreements may be required by Sherwood to be executed, where appropriate by such third parties with respect to such disclosures. Client agrees that it shall at all times provide Sherwood, and any third party to whom Client has asked Sherwood to provide comments, with all material information required, to the best of its knowledge, for the Client's position to be true, complete, not misleading and fairly presented.  Client agrees that, if it makes a communication to a third party in Sherwood's presence (or in a communication on which Sherwood is copied) which is incorrect, incomplete or misleading, Sherwood may disclaim any implied agreement by Sherwood with such communication. At the same time, Client acknowledges that Sherwood is not engaged (i) to perform any audits of Company or (ii) to develop opinions at a level which would enable Sherwood to make any representations or warranties about Company to any third party or (iii) otherwise to incur any risk of liability to any third party in the performance of Sherwood's Engagement.

11. **GOVERNING LAW; FORUM; ARBITRATION;** . This Agreement and and all matters related hereto shall be interpreted, governed by, and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed entirely in such State without reference to conflicts of law, principles or principles of comity. Any controversies, claims or disputes relating to this Agreement or arising in connection with or under this Agreement or any acts, omissions or relationships contemplated or taken, occurring, or arising pursuant to or as provided in this Agreement or otherwise from or in connection with the Engagement or any acts or omissions if any party or person in the cause thereof, whether relating to or arising in breach of contract, tort, equity or other claim or dispute of any kind under any theory, shall be heard and resolved solely by the Bankruptcy Courtpresiding over Client's chapter 11 Case.

12. **TERMINATION**. Upon five (5) days written notice either party may terminate this Agreement,except as to provisions expressly stated herein to survive termination and without prejudice to rights that have accrued as of such termination, including any rights to payment that have accrued at that time, whether absolute, contingent or inchoate, liquidated or unliquidated and however and whenever arising orasserted. Upon any termination or expiration of this Agreement, Sherwood shall be entitled to  payment of all fees and other amounts accrued as a result of this Engagement upon approval by the Bankruptcy Court, including those asserted after termination on account of events or matters occurring before termination, and all out-of-pocket expenses described in Paragraph 9. Paragraphs 4, 5, 7, 8, 9, -18 and 19 ofthis Agreement and the indemnity and the obligation to pay any fees and other amounts earned but unpaid described in Paragraph 7 or other provisions of this Agreement shall remain operative and in full force and effect regardless of any termination or expiration of this Agreement. Upon termination, Sherwood will supply Client with a list of all parties to whom it introduced client's sale opportunity during the pendency of this agreement. Should Client close on a Transaction with any such party within six (6) months of termination of this Agreement, then Client will pay the success fee to Sherwood set forth in ¶ 7. Otherwise, Sherwood will not be entitled to any compensation for a Transaction which closes after Termination.

**13. CONFLICTS; NO REFERRAL EXPOSURE.** Client acknowledges that Sherwood and its affiliates may have and may continue to have consulting and/or other relationships with parties other than Client, including creditors or equity holders of Client, pursuant to which Sherwood may have or acquire information of interest to Client. Sherwood shall disclose relationships with creditors or investors to the extent known to Sherwood. Client recognizes that Sherwood is being engaged hereunder to provide the services described above only to Client, and Sherwood is not directly or indirectly acting as an agent or fiduciary of, and shall have no duties or liability, whether express or implied, to the current investors or creditors of Cf lent or any third party in connection with this Engagement, all of which are hereby expressly waived and disclaimed. No one other than Client Is authorized to rely upon the Engagement of Sherwood hereunder or any communications, statements, advice, opinions or conduct of Sherwood, and Client is product of Sherwood without its prior written consent and under circumstances where Sherwood incurs
no risk of liability to such third party' or others on account thereof.

**14. MUTUAL REPRESENTATIONS AND WARRANTIES.** Both Client and Sherwood hereby each represent and warrant for itself that, subject to Bankruptcy Court approval of this Agreement (a) such party to this Agreement has full and unrestricted authority and right to make and perform this Agreement in accordance with its terms; (b) the making or performance of this Agreement by Client or Sherwood, as the case may be, shall not violate any rights of,agreements with or obligations to any third parties; (c) this Agreement shall be and is a valid and binding obligation of such party which is legally enforceable in accordance with its express terms; and (d) Client or Sherwood, as the case may be, shall not circumvent or otherwise frustrate the expressed intent or expressed provisions of this Agreement. APART FROM THE FOREGOING, SHERWOOD MAKES NO REPRESENTATIONS OR WARRANTIES, WHETHER EXPRESS OR IMPLIED, AND SHERWOOD DISCLAIMS (AND CLIENT WAIVES) ANY IMPLIED WARRANTIES OF ANY KIND, INCLUDING ANY WARRANTIES OF FITNESS OR MERCHANTABILITY OF ANY SERVICES OR ADVICE. CLIENT IS SOLELY AND EXCLUSIVELY DEALING WITH SHERWOOD, AND CLIENT AGREES THAT IT SHALL HAVE NO RIGHTS OR CLAIMS AGAINST ANY AFFILIATES OF SHERWOOD OR ANY OFFICER, DIRECTOR, EMPLOYEE, MEMBER, PARTNER, OR AGENT OF SHERWOOD OR ANY OF ITS AFFILIATES, NONE OF WHOM CLIENT AGREES SHALL HAVE ANY OBLIGATIONS, DUTIES OR LIABILITIES TO CLIENT IN CONNECTION WITH THIS AGREEMENT OR THE ENGAGEMENT.

**15. NOTICES.** Any notice from one party to the other sent and received within the United States, shall be sent (a) via first class certified mail, return receipt requested or (b) via a nationally recognized overnight courier capable of verifying delivery, marked for next business day delivery and shall be deemed received upon the earlier of (i) the date of actual receipt, (ii) the date such mail is refused, (iii) thedate such mail is returned, or (iv) five (5) days following deposit with the U.S. Postal Service. Notices sent or received outside the United States shall be sent via an internationally recognized overnight couriercapable of verifying delivery, marked for second business day delivery and shall be deemed received upon the earlier of (i) the date of actual receipt or (ii) two (2) business days following deposit with such courier. Herein, "business day" means a day on which such courier is open for business within the jurisdiction to which notice is delivered. Notices shall be in writing, addressed to the person to be noticed at the address below or to such other person and/or address as may be designated from time to time in writing by such party to be noticed, and all applicable courier or postage fees shall be prepaid by the noticing party

**If to Sherwood**:

Michael A. Maidy Sherwood
Partners, Inc.
3945 Freedom Circle, Suite 560Santa
Clara CA 95054
(650) 329-9996


**If to Client**:

Mrs. Lisa Lederer Chief
Executive Officer
Magnacoustics, Inc.
1995 Park Street
Atlantic Beach, New York 11509

With a copy to:

Sandra E. Mayerson, Esq.
Mayerson & Hartheimer, PLLC
845 Third Ave., 11th floor
New York, NY 10022

### 16. COMPLETE AGREEMENT; SEVERABILITY; AMENDMENTS; ASSIGNMENT; CONSTRUCTION.

This Agreement embodies the entire agreement and understanding between the parties hereto and contains all of the terms agreed upon by the parties with respect to the subject matter hereof, and there are no representations, agreements or understandings between the parties except as provided herein, whether expressed or implied, direct or indirect. This Agreement supersedes any prior communications, agreements or understandings relating to the subject matter hereof, and this Agreement may not be amended or otherwise modified or waived in any way except by a writing duly executed by both parties. No oral or implied agreements, waivers, or obligations shall be allowed to alter or affect such written provisions of this Agreement. This Agreement may not be assigned by either party without the prior written consent of the other party. There shall be no third party or other beneficiaries to this Agreement except as to the signing parties and, as to the indemnities herein, the indemnitees. Furthermore, both parties have negotiated the terms of this Agreement and have had the opportunity to engage counsel to review the same. Accordingly, this Agreement shall not be construed more strongly infavor or against either party hereto and shall be binding and inure to the benefit of Client, Sherwood, and their respective permitted successors and assigns. The invalidity or illegality of any provision or term contained in or made a part of this Agreement shall not affect the validity of the remainder of this Agreement and, where unenforceable or invalid provision would be enforceable or valid if requiring a lesser magnitude or degree of obligation or right, such provision shall be reduced to such extent needed to make such provision enforceable and valid. The headings in this Agreement are inserted for convenience only and shall not affect the constructionhereof.

### 17. FAX COUNTERPARTS.

This Agreement may be entered into by the parties by signing any one or more counterparts, all of which shall constitute one and the same instrument. This Agreement shall become effective when approved by the Bankruptcy Court. This Agreement may be delivered to such other parties via facsimile. Anyparty's faxed signature shall be deemed an original and binding signature as of the date set forth above.Please indicate your acceptance of the terms of this Agreement by signing below and returning same.

**18. ENFORCEMENT**. The prevailing party in any dispute in connection with this Agreement or the Engagement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing party.

Very truly yours,

_____

Michael Maidy
for Sherwood Partners, Inc.

APPROVED AND ACCEPTED:

By: Lisa Lederer                    Date:    11/17/2021
Its:    Chief Executive Officer



# HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Magnacoustics, Inc. Engt Letter |
| **FILE NAME** | Sherwood-Magnacou...RAFT 11.11.21.pdf |
| **DOCUMENT ID** | 1c5475bea052edd1b4c0f8dc9d7d3f016ad59488 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| ○ **SENT** | **11 / 11 / 2021** 22:39:16 UTC | Sent for signature to Michael A. Maidy (mam@shrwood.com) from ckarma@shrwood.com IP: 12.53.4.238 |
| ◎ **VIEWED** | **11 / 11 / 2021** 22:48:19 UTC | Viewed by Michael A. Maidy (mam@shrwood.com) IP: 12.53.4.238 |
| ⊬ **SIGNED** | **11 / 11 / 2021** 22:48:41 UTC | Signed by Michael A. Maidy (mam@shrwood.com) IP: 12.53.4.238 |
| ⊘ **COMPLETED** | **11 / 11 / 2021** 22:48:41 UTC | The document has been completed. |

Powered by **HELLOSIGN**

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| MAGNACOUSTICS, INC., | Case No. 21-70670(RG) |
| Debtor. | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**SHERWOOD PARTNERS, INC AS SALES AGENT**
**TO THE DEBTOR, EFFECTIVE AS OF NOVEMBER 11, 2021**

Upon the application (the "**Application**") of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), for entry of an order, pursuant to bankruptcy Code sections 327(a) and 328, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1 authorizing the employment and retention of Sherwood Partners, Inc. ("**Sherwood**") as sales agent; and the Court having reviewed the Application and the Declaration of Peter Hartheimer, that Sherwood does not hold or represent any interest adverse to the Debtor or its estate, that it is a "disinterested person" as the term is defined in Bankruptcy Code section 101(14); and that its employment is necessary and in the best interest of the Debtor's estate, creditors, and other parties in interest; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      Pursuant to Bankruptcy Code sections 327(a) and 328, the Debtor, as debtor and debtor-in-possession, is authorized to employ and retain Sherwood as sales agent effective as of November 11, 2021, upon the terms and for the purposes set forth in the Application and the Engagement Letter (as defined in the Application) and to perform the professional services set forth in the Application and the Engagement Letter.

3.      Sherwood shall be compensated in accordance with section 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

5.      The court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

1995 Park LLC   MLK Realty
P.O. Box 75
Lawrence, KY 11559


3M Company
P.O. Box 371227
Pittsburgh, PA 15250


AA Technology Inc
101 Trade Zone Dr
Ronkonkoma, NY 11779


AARC Networking, Inc
8812 182nd St
Jamaica, NY 11423


Aavid Thermalloy
Aavid Thermal Technologies
1 Aavid Circle
Laconia, NH 03246


Albert Manufacturing USA
989 Athens St SE
Gainesville, GA 30501


Allied Electronics, Inc
Attn  Accounts Receivable
P.O. Box 2325
Ft Worth, TX 76113


American Container Concepts Corp
P.O. Box 1388
Ronkonkoma, NY 11779


American Express Blue Business Plus
P.O. Box 1270
Newark, NJ 07101-1270


APIntego
375 Woodcliff Dr, Ste 103
Fairport, NY 14450

AT T
C/O Bankruptcy
4431 Communication Dr, 4w Fl
Dallas, TX 75211


Atlantic Rubber Co Inc
P.O. Box 2295
Littleton, MA 01460


Attorney General s Office
9001 Mail Service Ctr
Raleigh, NC 27699-9001


Avotec, Inc
603 SW Buck Hendry Way
Stuart, FL 34994-3669


Bob Long Investigations Group, LLC
1 Marina Park Dr, Ste 1410
Boston, MA 02110


Canon Financial Services Inc
14904 Collections Center Dr
Chicago, IL 60693-0149


Capital One Bank
1307 Walt Whitman Rd
Melville, NY 11747


Capital One Bank
2025 Park St
Atlantic Beach, NY 11509


Clifton Larson Allen LLP
P.O. Box 829709
Philadelphia, PA 19182-9709


Commonwealth Payroll   HR
Commonwealth Cash Mgmt Corp
32 Tioga Way
Marblehead, MA 01945

Computer Psych LLC
7304 Lamplight Ln
Austin, TX 78731


Cyberwarp Communications Inc
Payment Processing
119 E Alhambra Ave
Lindenhurst, NY 11757


Cygnus Automation Inc
1605 9th Ave
Bohemia, NY 11716


Czarnowski Display Service, Inc
6067 Eagle Way
Chicago, IL 60678-1060


David J Jacobs Co, Inc
Insurance Agency
1 Broadcast Plz, Ste 318
Merrick, NY 115666


Dept of the Attorney General
425 Queen St
Honolulu, HI 96813


DHL Express - USA
16592 Collections Center Dr
Chicago, IL 60693


Digi-Key Electronics
Digi-Key 409212
P.O. Box 250
Thief River Falls, MN 56701-0250


ESY Management Services, Inc
509 Adelphi St
E Meadow, NY 11554

E-TekNet Inc
325 E Elliot Rd, Ste 34
Chandler, AZ 85225


Federal Express Corporation
P.O. Box 371461
Pittsburgh, PA 15250


Fish   Richardson PC
P.O. Box 3295
Boston, MA 02241-3295


Genplex, Inc
7 Industrial Park Rd, Ste 1
Skowhegan, ME 04976


Gordon J MacDonald Atty Gen
33 Capitol St
Concord, NH 03301


HZQ Consulting
c/o We Work
Attn  HZQ Consulting
85 Broad St
New York, NY 10004


ICS Integrated Computer Solutions
230 2nd Ave
Waltham, MA 02451


Innovative Discovery LLC
1700 N Moore St, Ste 1500
Arlington, VA 22209


Internal Revenue Service
Cincinnati, OH 45999


InXpress LLC
P.O. Box 709030
Sandy, UT 84070

ISL Products Int l Ltd
235-P Robbins LA, Ste 270P
Syosset, NY 11791


K    S Engineering
6917 W 59th St
Chicago, Il 60638


Kilamanjaro Business Services, LLC
13924 W Stratford Ct
New Berlin, WI 53151


KRP Electronics, Inc
P.O. Box 157
Farmingdale, NY 11735


Lawrence M Gordon, Esq
Attorney at Law, PC
1786 Bellmore Ave
North Bellmore, NY 11710-5522


Levitt Industrial Textile Co
86 W Industry Ct
Deer Park, NY 11729


Lisa Lederer
1995 Park St
Atlantic Beach, NY 11509



Lloyd s America, Inc
Attn  Legal Dept
280 Park Ave
East Tower, 25th Fl
New York, NY 10007

Lowitt Alarms   Sec Systems Inc
25 Bethpage Rd
Hicksville, NY 11801-1514


Mark L Manewitz LLC
360 E 72nd St, Ste A1401
New York, NY 10021


Matthew Young
7031 NE 8th St
Boca Raton, FL 33487


Mayerson   Hartheimer, PLLC
845 3rd Ave, 11th Fl
New York, NY 10022


McLoone Metal Graphics Co
75 Sumner St
La Crosse, WI 54603


Michael Guerrieri Consulting
220 11th St
Bethpage, NY 11509


Missouri Attorney General s Office
Supreme Court Bldg
207 W High St
P.O. Box 899
Jefferson City, MO 65102


Moritt Hock   Hamroff, LLP
400 Garden City Plz
Garden City, NY 11530


Mouser Electronics, Inc
P.O. Box 99319
Fort Worth, TX 76199-0319


MUFG Union Bank, NA
1251 Avenue of the Americas
New York, NY 10020

Nassau County Clerk
240 Old Country Rd, Rm B-1
Mineola, NY 11501


Nassau County Fire Marshal
Fire Alarm Permit Division
1194 Prospect Ave
Westbury, NY 11590


Nassau County Police Dept
Communications Bureau
Alarm Permit Section
1490 Franklin Ave
Mineola, NY 11501


Nassau County Public Safety Ctr
Communications Bureau
Police Alarm Permits
1194 Prospect Ave
Westbury, NY 11590


National Grid
P.O. Box 11791
Newark, NJ 07101-4791


Nebraska Attorney General Office
2115 State Capitol
Lincoln, NE 68509


New Mexico Attorney General Office
PO Drawer 1508
Santa Fe, NM 87504-1508


New York American Water  P
P.O. Box 371332
Pittsburgh, PA 15250-7332


New York State Dept of Labor
400 Oak St, Ste 101
Garden City, NY 11530

```
Newark Electronics
c/o Newark Element 14
33190 Collection Center Dr
Chicago, IL 60693-0331


Newmatic Medical MI
6850 Southbelt Dr
Caledonia, MI 49316-7680


Nine Eighteen Medical, Inc
P.O. Box 751454
Petaluma, CA 94975-1454


Northeastern Customs Brokerage Co, Inc
P.O. Box 46
West Islip, NY 11795


NY State Corporation Tax
Tax Processing Unit
P.O. Box 1909
Albany, NY 12201-1909


NY State Income Tax
NYS Tax Dept Processing Unit
P.O. Box 4111
New York, NY 13902-4111


NY State MCTMT
c/o MCTMT Processing Ctr
P.O. Box 4139
Binghamton, NY 13902-4139


NY State Sales Tax
P.O. Box 15169
Albany, NY 12212-5169


NYS Assesment Receivables
P.O. Box 4127
Binghamton, NY 13902
```

NYS Comissioner of Taxation
c/o MCTMT Processing Ctr
P.O. Box 4139
Binghamton, NY 13902-4139


NYS Unemployment Insurance
P.O. Box 4301
Binghamton, NY 13902-4301


ODU-USA, Inc
300 Camarillo Ranch Rd, Ste A
Camarillo, CA 93012


Office of Attorney General
600 East Blvd Ave, Dept 125
Bismarck, ND 58505-0040


Office of Minnesota Atty Gen
Attn  Keith Ellison
445 Minnesota St, Ste 1400
St Paul, MN 55101-2131


Office of Mississipi Attorney General
550 High St
Jackson, MS 39201


Office of Ohio Attorney General
30 E Broad St, 14th Fl
Columbus, OH 43215


Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548


Office of the Attorney General
and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Office of the Attorney General
Colorado Dept of Law
Ralph L Carr Judicial Bldg
1300 Broadway, 10th Fl
Denver, CO 80203


Office of the Attorney General
Delaware Dept of Justice
102 W Water St
Dover, DE 19904


Office of the Attorney General
G Mennen Williams Bldg
525 W Ottawa St, 7th Fl
P.O. Box 30212
Lansing, MI 48909


Office of the Attorney General
Indiana Government Ctr S
302 W Washington St, 5th Fl
Indianapolis, IN 46204


Office of the Attorney General
700 Capitol Ave, Ste 118
Frankfort, KY 40601-3449


Office of the Attorney General
Oregon Dept of Justice
1162 Court St NE
Salem, OR 97301-409


Office of the Attorney General
700 W Jefferson St, Ste 210
P.O. Box 83720
Boise, ID 83720-0010


Office of the Attorney General
P.O. Box 142320
Salt Lake City, UT 84114-2320

Office of the Attorney General
P.O. Box 94005
Baton Rouge, LA 70804


Office of the Attorney General
Richard J Hughes Justice Complex
25 Market St
P.O. Box 080
Trenton, NJ 08625


Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399-1050


Office of the Attorney General
Justice Bldg 3rd Fl
215 N Sanders
P.O. Box 201401
Helena, MT 59601


Office of the Attorney General
1302 E Hwy 14, Ste 1
Pierre, SD 57501-8501


Office of the Attorney General
1 Ashburton Pl
Boston, MA 02108


Office of the Attorney General
100 W Randolph St
Chicago, IL 60601


Office of the Attorney General
Carson City Office
100 North Carson St
Carson City, NV 89701-4717


Office of the Attorney General
120 SW 10th Ave, 2nd Fl
Topeka, KS 66612

Office of the Attorney General
6 State House Station
Augusta, ME 04333


Office of the Attorney General
150 S Main St
Providence, RI 02903


Office of the Attorney General
200 St Paul Pl
Baltimore, MD 21202


Office of the Attorney General
2005 N Central Ave
Phoenix, AZ 85004-2926


Office of the Attorney General
202 N 9th St
Richmond, VI 23219


Office of the Attorney General
323 Center St, Ste 200
Little Rock, AR 72201


Office of the Attorney General
40 Capitol Sq SW
Atlanta, GA 30334


Office of the Attorney General
501 Washington Ave
Montgomery, AL 36130


Office of the Attorney General
55 Elm St
Hartford, CT 06106


Office of the Attorney General
1031 W 4th Ave, Ste 200
Anchorage, AK 99501

```
Office of the Attorney General of Iowa
Hoover State Office Bldg
1305 E Walnut St
Des Moines, IA 50319


Office of the Attorney Generals Office
P.O. Box 11549
Columbia, SC 29211


Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105


Optimum Park
P.O. Box 70340
Philadelphia, PA 19176-0340


Palm Labs, Inc
c/o Palm Labs Adhesives,LLC
P.O. Box 1494
Alamo, CA 94507


Patent Trademark Bureau
1500 Market St, 12th Fl, East Tower
Philadelphia, PA 19102


Pennsylvania Office of Attorney General
Strawberry Sq
Harrisburg, PA 17120


Personnel Concepts
P.O. Box 5750
Carol Stream, IL 60197-5750


Phoenix Mecano
7330 Executive Way
Frederick, MD 21704
```

Pitney Bowes - Purchase Power
c/o Purchase Power
P.O. Box 371874
Pittsburgh, PA 15250-7874


Polymershapes LLC
120 Andrews Rd
Hicksville, NY 11801


PSEG Long Island
P.O. Box 888
Hicksville, NY 11802-0888


Qosina
c/o Qosina Corp
2002-Q Orville Dr N
Ronkonkoma, NY 11779


ReadyRefresh by Nestle
a Division of Nestle Waters NA Inc
P.O. Box 856192
Louisville, KY 40285-6192


S Working Construction Inc
68 Woodward St
Roslyn Heights, NY 11577


Senasys
P.O. Box 37
Altoona, WI 54720-0037


Sichenzia Ross Ference LLP
Attn  Marc J Ross, Esq
1185 Avenue of the Americas    31st Fl
New York, NY 10036


Smith, Buss   Jacobs, LLP
733 Yonkers Ave, Ste 200
Yonkers, NY 10704

Sonicron
P.O. Box 38
Westfield, MA 01086


Spectrum Diversified Designs, Inc
c/o Spectrum Diversified Designs, LLC
Dept LA 24702
Pasadena, CA 91185-4702


Standard Security
c/o Standard Security Life Ins Co
P.O. Box 2875
Clinton, IA 52733-2875


Standard Security Life Insurance Company
P.O. Box 2875
Clinton, IA 52733-2875




SugarCRM Inc
f/k/a W-Systems
Dept LA 23968
Pasadena, CA 91185-3968


The Hanover Insurance Group
P.O. Box 580045
Charlotte, NC 28258-0045


The Office of the Attorney General
123 Capitol Bldg
200 W 24th St
Cheyenne, WY 82002


The Office of the Attorney General State
Capitol Complex
Bldg 1, Rm E-26
Charleston, WV 25305

The Office of the Attorney General
Wisconsin Dept of Justice
P.O. Box 7857
Madison, WI 53707-7857


The Office of the Attorney General
1125 Washington St SE
P.O. Box 40100
Olympia, WA 98504-0100


Thermoplastic Processes Inc
21649 Cedar Creek Ave
Georgetown, DE 19947


ThyssenKrupp Materials NA
c/o ThyssenKrupp Engineered Plastics7500
P.O. Box 7247
Philadelphia, PA 19170-7500


Tower Fasteners Company, Inc
1690 N Ocean Ave
Holtsville, NY 11742


Travelers Casualty   Surety Co
P.O. Box 1515
Spokane, WA 99210


TRP Machines Inc
35 DaVinci Ave
Bohemia, NY 11716


TUV Rheinland of North
America, Inc
Attn  Accounts Payable
P.O. Box 392672
Pittsburgh, PA 15251-9672


Two Technologies, Inc
Attn  Accounts Payable
419 Sargon Way
Horsham, PA 19044

UL Underwriters Laboratories LLC
c/o UL Underwriters Laboratories
75 Remittance Dr, Ste 1524
Chicago, IL 60675-1524


Uline
Attn  Accounts Receivable
P.O. Box 88741
Chicago, IL 60680-1741



United Healthcare-Oxford
c/o UHS Premium Billing
P.O. Box 94017
Palatine, IL 60094


UPS - V9257E
c/o UPS
P.O. Box 809488
Chicago, IL 60680-9488


US Patent   Trademark Office Attn
Commissioner for Patents P.O. Box
1450
Alexandria, VA 22313-1450


Verizon 0042
P.O. Box 15124
Albany, NY 12212-5124


Verizon Stet
c/o Verizon Wireless
P.O. Box 408
Newark, NJ 07101-0408


Vermont Attorney General s Office
109 State St
Montpelier, VT 05609

West Park Beach LLC
Attn  Sean McCormack
58 Elizabeth St
Basking Ridge, NJ 08920


Winters Bros Hauling of LI, LLC
P.O. Box 5279
New York, NY 10008-5279

# **LEDERER DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11 (Subchapter V)

In re:

MAGNACOUSTICS, INC.,                                        Case No. 21-70670

                         Debtor.

---

**DECLARATION OF LISA LEDERER IN SUPPORT OF**
**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF SHERWOOD PARTNERS, INC., AS SALES AGENT**

I, Lisa Lederer, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge as of this 17th day of January, 2022:

1.     I am the CEO, Secretary, and sole shareholder of Magnacoustics, Inc., a New York corporation, the debtor and debtor-in-possession herein (the "**Debtor**"). I make this declaration in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Sherwood Partners, Inc. as Sales Agent* (the "**Application**").

2.     Pursuant to the Application, the Debtor seeks to retain and employ Sherwood Partners, Inc, ("**Sherwood**") to act as sales agent. The attorneys at Mayerson & Hartheimer, PLLC ("**M&H**"), counsel to the Debtor, inform me, as set forth in the Application at Paragraph 11, as well as in the *Declaration of Peter Hartheimer in Support of the Debtor's Application For Entry of an Order Authorizing the Retention and Employment of Sherwood Partners, Inc. as Sales Agent* (the "**Hartheimer Declaration**") at Paragraph 6, that Peter Hartheimer, a Sherwood Senior

Managing Director who is leading this engagement for Sherwood, is the brother of David H. Hartheimer, a Member of M&H.  I have also been informed that Peter Hartheimer and David Hartheimer previously worked together as principals of Clearbid Capital LLC, but ceased working together over 5 years ago.

3.    I, on behalf of the Debtor, have considered other entities to act as sales agent, as well as have had several zoom conferences with Peter Hartheimer and other members of Sherwood. Out of all the potential sales agents I have considered, I believe that Sherwood is the best suited for this engagement.

4.    I, on behalf of the Debtor do not believe that Peter and David Hartheimer's familial relationship and prior work history gives rise to Sherwood holding an adverse interest, nor does it render Sherwood not disinterested.  Also, I have been informed that to further alleviate any potential conflict, David Hartheimer will not handle any of the work to do with the sale and will be walled off from this aspect of his firm's engagement.  Accordingly, I do not believe there is a potential for conflict, but to the extent that Peter and David Hartheimer's relationship does give rise to a conflict or potential conflict, the Debtor hereby waives such conflict.

5.    I respectfully request the Court enter an order substantially in the form annexed to the Application (a) granting the Application, (b) authorizing the Debtor to retain and employ Sherwood as Sales Agent, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: January 17, 2022
      Atlantic Beach, NY

                                      MAGNACOUSTICS, INC.
                                      Debtor and Debtor-in-Possession

                                      By: /s/ *Lisa Lederer*
                                          Lisa Lederer
                                          Chief Executive Officer