UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                          Case No. 21-70670-reg
                                                                                       Chapter 7
MAGNACOUSTICS, INC.,

                              Debtor.
--------------------------------------------------------x

**ORDER APPROVING TRUSTEE'S SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN WEBSITES/URLS, PHONE NUMBERS, CUSTOMER LIST, VENDOR LIST, AND TRADEMARKS LISTED BELOW, "SUBJECT TO", "AS IS", WITHOUT ANY REPRESENTATIONS, AND GRANTING RELATED RELIEF**

**UPON** the motion ("Motion") of Kenneth Kirschenbaum, Chapter 7 trustee ("Trustee") of the estate ("Estate") of Magnacoustics, Inc., debtor (the "Debtor"), by and through his counsel, Kirschenbaum & Kirschenbaum, P.C., scheduling a hearing for April 23, 2025 at 9:30 a.m. ("Hearing") on the Trustee's request in the Motion for an Order: (a) authorizing Trustee, under Bankruptcy Code Section 363(b) and Federal Rule of Bankruptcy Procedure 6004, to sell authorizing Trustee, under Bankruptcy Code Section 363(b) and Federal Rule of Bankruptcy Procedure 6004, to sell Debtor's Estate's right, title and interest in the following property (collectively, the "Listed Property") to MRI Med, Inc. ("MRI") for the aggregate sum of Twenty thousand and 0/100 dollars ($20,000.00) ("Offer"), under the terms of a proposed stipulation between the Trustee and MRI annexed to the Motion as Exhibit "A" (the "Stipulation"): (i) the Debtor's websites and URLs www.Magnacoustics.com and www.MRImusic.com, (ii) the Debtor's right in and to the Debtor's former phone numbers which MRI advised Trustee are as follows, (516) 239-0042 and (800) 221-3561, which phone numbers may or may not be available for use from the telephone companies providing same, (iii) all of the Debtor's customer lists known to Trustee as of date of the Offer, (iv) all of the Debtor's vendor lists known to Trustee as of date of the Offer, and (v) the trade names and trademarks for "MagnaPlug", "MagnaCoil" and

"MRI Music", and any actual trademark(s) for the name "Magnacoustics" (it being expressly set forth in the Stipulation that the trademark for the "Magnacoustics" name is only being sold so that MRI can use this name expressly to set forth and represent to third parties that MRI owns the Magnacoustics trademarks otherwise being sold to MRI under the Stipulation, if the Stipulation and sale are approved by the Court), which sale is under the following terms and conditions: (A) "as is", "where is", with all faults, (B) without representations by Trustee to MRI of any kind or nature as to any aspect or part of the Listed Property other than as expressly set forth in the Stipulation, and (C) subject to any and all actual or potential claimed third parties' claims or interests in, to, against or on the Listed Property in specie (including without limitation, all liens, encumbrances, taxes or other charges, easements, product liability claims, tort claims, or other interests and all other claims or interests of any kind whatsoever which may exist, have been allowed, and/or may be or are asserted on, in or to the Listed Property by any third party, regardless of whether they were unperfected or otherwise avoidable, and/or whether or not they were claimed to have arisen, been incurred or assessed pre- or post-petition) ("A", "B", and "C" to collectively be referred to as the "<u>As Is, Subject To Terms and Conditions</u>"); (b) authorizing Trustee to execute any documents necessary to effectuate the sale of Debtor's Estate's right, title and interest in the Listed Property under the As Is, Subject To Terms and Conditions and other terms of the Stipulation, and which are otherwise necessary to give full force and effect to the Stipulation; and (c) granting such other and further relief as the Court deems just and appropriate; and MRI having acknowledged and agreed in the Stipulation that (a) MRI has been shown information leading MRI to irrevocably conclude that the customer list that is being sold by Trustee and that is currently known to the Trustee which is in excel format, is to Trustee's knowledge, without warranties, the Debtor's primary customer list and that the other such

customer list(s) of Debtor and/or the Estate which is/are presently known to Trustee is in pdf format will also be included in the sale, that (b) notwithstanding the sale and/or the Order of this Court approving the sale, if entered, Trustee and Trustee's professionals shall continue to use any or all information that is on the Debtor's customer list as necessary and/or appropriate to administer this case and/or to seek to collect accounts receivables and other assets for the Estate; and (c) Trustee expressly withheld any representations as to what, if any, taxes and other charges, liens or claims are due or could become due on any of the Listed Property; and good and sufficient notice of the Motion and the Trustee's Notice of Motion ("Notice of Motion") having been given to the Debtor, the Office of the United States Trustee, and all known creditors and parties in interest herein of the time of the Motion, as evidenced by the Affidavit of Service filed by the Trustee with the Clerk of the Court; and South West Medical Resources, Inc. ("SMR") having timely filed and served a Notice of Higher Offer for Assets Being Sold (SMR's "Notice") which set forth an irrevocable higher offer in the aggregate sum of Twenty Five Thousand and 0/100 dollars ($25,000.00) ("Higher Offer") for the purchase of the Listed Property under the same terms and conditions of the Stipulation, and having timely remitted said Higher Offer sum to Trustee, prior to the Objection Deadline of 5:00 p.m. on April 16, 2025 ("Objection Deadline"), in accordance with the terms and conditions set forth in the Stipulation and Notice of Motion, which Trustee deposited into this Estate account for this case, and which sum cleared as good funds in the Trustee's Estate account for this case, prior to the Hearing; and the Trustee having filed an Asset Purchase Agreement ("APA") between the Trustee and MRI prior to the Hearing which among other things incorporated the terms of the Stipulation in their entirety; and upon the record of the Hearing and the auction for the Listed Property ("Auction") held before this Court at the Hearing; and MRI and SMR having been the sole bidders for the

Listed Property at the Auction; and MRI having made an irrevocable bid in the sum of Thirty Two Thousand Five Hundred and 0/100 Dollars ($32,500.00) at the Auction, which was the highest and best bid for the Listed Property at the Auction ("Highest Bid"); and SMR having made an irrevocable bid in the sum of Twenty Seven Thousand Five Hundred and 0/100 Dollars ($27,500.00) which was the next highest bid at the Auction and was designated as the Backup Bid at the Auction ("Backup Bid"); and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that under Bankruptcy Code Section 363(b) and Federal Rule of Bankruptcy Procedure 6004, Trustee is authorized to sell the Estate's right, title and interest, if any, in and to the Listed Property; and it is further

ORDERED, that Trustee's sale of the Debtor's Estate's right, title and interest in the Listed Property shall expressly be on an "as is", "where is" basis, with all faults, without representations by Trustee of any kind or nature as to any aspect or part of the Listed Property other than as expressly set forth in the Stipulation, Motion, Notice of Motion, and APA, and otherwise under the As Is, Subject To Terms and Conditions set forth above and in the Stipulation, Motion, Notice of Motion and the APA, which are hereby approved in their entirety; and it is further

ORDERED, that the sale of the Debtor's Estate's right, title and interest in the Listed Property is explicitly subject to all existing liens and encumbrances on the Listed Property, which shall remain on the Listed Property, unaffected by the instant sale, and that Trustee expressly withheld any representations as to what, if any, taxes and other charges, liens or claims are due or could become due on any of the Listed Property; and it is further

**ORDERED**, that as set forth in the Stipulation and the APA, the customer list that is authorized to be sold by Trustee and that is currently known to the Trustee which is in excel format, is to Trustee's knowledge at this time, without warranties, the Debtor's primary customer list and that the other such customer list(s) of Debtor and/or the Estate which is presently known to Trustee is in pdf format will also be included in the sale and it is further

**ORDERED**, that as set forth in the Stipulation and the APA, notwithstanding the sale under the terms of this Order, Trustee and Trustee's professionals shall be entitled to continue to use any or all information that is on the Debtor's customer list as necessary and/or appropriate to administer this case and/or to seek to collect accounts receivables and other assets for the Estate; and it is further

**ORDERED**, that MRI shall close on its purchase of the Listed Property for its Highest Bid at the Auction in the sum of Thirty Two Thousand Five Hundred and 0/100 Dollars ($32,500.00) by remitting to Trustee, within no more than ten (10) days following the date that this Order becomes final and non-appealable in accordance with the Federal Rules of Bankruptcy Procedure (the "Final Order Date" or "Closing Deadline"), the Twelve Thousand Five Hundred Dollars ($12,500.00) difference ("$12,500 Difference") between the Twenty Thousand and 0/100 Dollars ($20,000.00) Offer it made to, and deposited with, the Trustee under the Stipulation and APA, and its Highest Bid at the Auction, by way of bank check, money order, or attorneys' check made payable to Trustee; and it is further

**ORDERED**, that if MRI timely remits the $12,500 Difference to the Trustee on or before the Closing Deadline in compliance with the above decretal paragraph, then Trustee shall, as soon as practicable after the $12,500 Difference clears as good funds in the Trustee's Estate account for this case, (a) execute and deliver, or cause to be executed and delivered, to MRI at

his sole cost and expense, (i) a Trustee's Bill of Sale for the Listed Assets, expressly subject to the As Is, Subject To Terms and Conditions, duly executed by Trustee, by email sent to MRI's CEO's email address set forth under MRI's signature on the APA; and (ii) Trustee shall email the customer list in excel format and pdf format and the vendor list in pdf format to MRI's CEO's email address set forth under MRI's signature on the APA; and (b) Trustee shall mail a Trustee check to SMR in the aggregate sum of Twenty Five Thousand and 0/100 dollars ($25,000.00), representing the full amount of the Higher Offer SMR deposited with the Trustee prior to the Objection Deadline; and it is further

**ORDERED**, that if MRI fails to timely remit the $12,500 Difference to Trustee as set forth above on or before the Closing Deadline, and/or said $12,500 Difference is timely remitted by MRI to Trustee but fails to clear as good funds in Trustee's Estate account for this case, then Trustee is hereby authorized to retain the full amount of MRI's Offer to Trustee in the sum of Twenty thousand and 0/100 dollars ($20,000.00) without any liability of any kind or nature to MRI or to any other person or entity for MRI's Offer or otherwise, and it is further

**ORDERED**, that (a) Trustee is hereby authorized to immediately thereafter sell the Listed Property to SMR for the amount of its Backup Bid at the Auction in the sum of Twenty Seven Thousand Five Hundred and 0/100 Dollars ($27,500.00), and SMR shall be required to close on SMR's Backup Bid for the Listed Property by remitting the Two Thousand Five Hundred and 0/100 ($2,500.00) difference ("$2,500 Difference") between the Twenty Five Thousand and 0/100 Dollars ($20,000.00) Higher Offer it made to, and deposited with, the Trustee in accordance with the Notice of Motion, and its Backup Bid at the Auction, to Trustee by way of bank check, money order, or attorneys' check made payable to Trustee, by bank check or money order which is delivered to the Trustee's office by no later than 5:00 p.m. the day

following SMR's or SMR's counsel's receipt of notification by way of email from Trustee or Trustee's attorneys that MRI did not timely close on its Highest Bid at the Auction in compliance with the above decretal paragraphs; (b) Trustee is hereby authorized in his discretion to extend the time for SMR to close on SMR's Backup Bid for the Listed Property for a period of up to ten (10) days; and (c) if SMR timely remits the $2,500 Difference to Trustee, then Trustee shall, as soon as practicable after the $2,500 Difference clears as good funds in Trustee's Estate account for this case, execute and deliver, or cause to be executed and delivered, to SMR at his sole cost and expense, (i) a Trustee's Bill of Sale for the Listed Assets, expressly subject to the As Is, Subject To Terms and Conditions, duly executed by Trustee, by email sent to SMR's attorney's email address set forth under SMR's attorney's signature in SMR's Notice; and (ii) Trustee shall email the customer list in excel format and pdf format and the vendor list in pdf format to SMR's attorney's email address set forth under SMR's signature in SMR's Notice; and (d) Trustee is authorized to seek an order or judgment in this Court against MRI, holding MRI liable to Trustee and the Estate herein for the difference between its Highest Bid at the Auction and the Backup Bid or such other amount as is ultimately received by Trustee and the Estate for the Estate's interest in the Listed Property, plus further costs and damages as determined by the Court; and it is further

**ORDERED,** that Trustee is authorized (a) to take all steps as are necessary to give full force and effect to the Stipulation and APA, and (b) to execute any other or further documents necessary to effectuate the sale of Debtor's Estate's right, title and interest in the Listed Property; and it is further

**ORDERED**, that Trustee is authorized to pay any taxes the Estate may owe as a result of the Stipulation, the APA, and the sale, without other or further notice, hearing or order of this Court; and it is further

**ORDERED**, that Trustee's counsel's attorneys' fees for the Stipulation, the Motion, the Notice of Motion, the APA and the Hearing and Auction are hereby capped at the sum of Seven Thousand Five Hundred and 0/100 Dollars ($7,500.00), subject to Court approval; and it is further

**ORDERED**, that this Court shall retain jurisdiction over this Order to determine any disputes that may arise hereunder.



Dated: Central Islip, New York
April 30, 2025

Robert E. Grossman
United States Bankruptcy Judge